IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUPERIOR COURT, et al., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DYKYM EL a/k/a Darryl Wooding | : | NO. 1:09-cv-00912-LDD |
| | : | Delaware NO. 0904006104 |

Legrome D. Davis, J.                                                                  January 13, 2010

### MEMORANDUM

I.       PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

       Defendant Dykym El ("Defendant") is an Aboriginal Indigenous Moorish-American who proceeds pro se and has been granted leave to proceed in forma pauperis. On December 1, 2009, Defendant filed a pleading titled "Notice of Removal from Superior Court to Federal Court." (D.I. 2.) The second page of the pleading is titled "Petitioner's Class Action Complaint." (Id.) Although the Court was not provided with copies of process, pleadings, or orders from the state civil proceeding, the Complaint refers to Citation/Suit Number 0904006104. (Id. at 4.) The Notice of Removal does not indicate under which removal statute Defendant proceeds, but the Civil Cover Sheet refers to 28 U.S.C. §§ 1441 through 1446.

       On April 8, 2009, Defendant was stopped for speeding while traveling south on Interstate 95. (Id. at 5.) Defendant alleges that stop was unconstitutional. While not clear, it appears that when Defendant refused to exit his vehicle, he was forcibly removed, and placed in police custody. Defendant's vehicle was towed.

       Defendant did not provide a date, but alleges that there were court proceedings in the Delaware Court of Common Pleas without the presence of Defendant's accuser or a State

prosecutor. (Id.) It appears that Defendant appeared in the Delaware Superior Court on May 11, 2009, and challenged the constitutionality and jurisdiction of the courts and asked for dismissal. (Id. at 5, 6.) His case was not dismissed. A not guilty plea was entered on Defendant's behalf, against his wishes. Defendant was told that if he did not allow the proceeding to go forward he "would be going with" the bailiffs. (Id. at 5.) Defendant again appeared in court on May 29, 2009, and "declared 'for the record' that [he] was at their tribunal under threat, duress, and coercion, appearing 'to challenge jurisdiction and venue.'" (Id. at 6.)

Defendant seeks various relief including dismissal or expungement of Citation/Suit Number 0904006104 as well as compensatory and punitive damages from all Plaintiffs.

II.     LEGAL STANDARD

In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Kline v. Security Guards, Inc., 386 F.3d 246, 252 (3d Cir. 2004) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. Id. (citations omitted).

III.    DISCUSSION

Initially the court notes that Defendant failed to comply with the requisites for removal. He did not provide for the court's review any copies of process, pleadings, or orders from the state proceedings. See 28 U.S.C. § 1446(a). Nor does it appear that Defendant gave Plaintiffs notice of the removal.

The civil cover sheet indicates that Defendant filed his notice of removal pursuant to 28 U.S.C. § 1441 through § 1446. Section 1441 provides no basis for the removal of a state criminal proceeding, and § 1442 through § 1445 are inapplicable. 28 U.S.C. §§ 1441-1445; Pennsylvania v. Bolick, 144 F. App'x 274 (3d Cir. 2005) (not reported). Accordingly, the court turns to § 1446 which does provide for removal of criminal prosecutions from a state court.

Under § 1446, a notice of removal of a criminal prosecution shall include all grounds for such removal. 28 U.S.C. § 1446(c)(2). A federal district court is to examine promptly the notice of removal of a criminal prosecution. 28 U.S.C. 1446(c)(4). If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. Id. Section 1446(c)(1) provides that a notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

In viewing the allegations, it appears that Defendant was arraigned either in April or May 2009. The notice of removal, however, was not filed until December 1, well after the thirty day time limitation. Therefore, the notice of removal is untimely. See 28 U.S.C. § 1446(c)(1).

Finally, Defendant seeks dismissal or expungement of the citation. Section 1446(c)(3) specifically provides that the filing of a petition for removal of a criminal prosecution shall not prevent the state court in which the prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered until the petition is denied. Hence, the statute does not afford a portion of the relief sought by Defendant, and the remaining relief he seeks is civil,

3

not criminal, in nature.  Indeed, it appears that Defendant seeks to remove his criminal case and improperly use it as a means to file a new civil action.  It is clear from the face of the notice of removal that removal cannot be permitted

IV.     CONCLUSION

Accordingly, therefore, the case is summarily remanded to the Superior Court of the State of Delaware.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUPERIOR COURT, et al., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DYKYM EL a/k/a Darryl Wooding | : | NO. 1:09-cv-00912-LDD |
| | : | Delaware NO. 0904006104 |

ORDER

AND NOW, this 13th day of January, 2010, upon consideration of Defendant's Notice of Removal (D.I.2), it is hereby ORDERED that the case is summarily REMANDED to the Superior Court of the State of Delaware. The Clerk of Court is directed to CLOSE the case.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.